**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ELIZABETH PERLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:16-cv-522 |
| | ) | |
| COMENITY BANK, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ELIZABETH PERLEY, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of COMENITY BANK ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Allen, Collin County, Texas.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff, is a resident Allen, Collin County, Texas.

6. Defendant is a national bank located in Columbus, Franklin County, Ohio.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone ending in 0887 to collect on an alleged debt.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on an alleged debt.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 614-754-4058, 614-754-4055, and 614-729-9030

11. The following telephone numbers are Defendant's phone numbers: 614-754-4058, 614-754-4055, and 614-729-9030.

12. In or around May 2016, Plaintiff requested Defendant stop calling Plaintiff's cellular telephone.

13. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

14. On or around June 21, 2016, Plaintiff called Defendant and requested that Defendant stop calling her.

15. During this conversation, Defendant told Plaintiff that the calls would continue.

16. Despite Plaintiff's repeated requests that Defendant stop calling Plainitff's cellular telephone, Defendant continues to call Plaintiff's cellular telephone.

17. Defendant called Plaintiff's cell phone on, but not limited to, the following list of dates:

    a. June 29, 2016

    b. July 2, 2016

    c. July 5, 2016

18. On June 22, 2016, Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone.

19. Despite receiving the letter from Agruss Law Firm, LLC, Defendant continued to call Plaintiff's cellular telephone.

20. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

21. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

22. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

23. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

24. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

25. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

26. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to store telephone numbers.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

34. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

35. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ELIZABETH PERLEY, respectfully requests judgment be entered against Defendant, COMENITY BANK, for the following:

36. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled

to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

37. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

38. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

39. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 14, 2016

By: /s/Michael S. Agruss_____
Michael S. Agruss
IL SBN: 6281600
CA SBN: 259567
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff